**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4202

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK JAMAHL STEPHENS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis III, Senior District Judge.  (1:17-cr-00202-TSE-1)

Submitted:  November 30, 2018                                  Decided:  December 7, 2018

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Tobias D. Tobler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Seattle, Washington, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Jamahl Stephens appeals the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal and his convictions for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). On appeal, Stephens challenges the sufficiency of the evidence supporting his convictions. For the reasons that follow, we affirm.

"We review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (brackets and internal quotation marks omitted).

"To convict a defendant of possession with the intent to distribute, the government must prove: (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute." *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). "[T]he intent to distribute can be inferred from a number of factors, including but not limited to: (1) the quantity of the drugs; (2) the packaging; (3) where the drugs are hidden; and (4) the amount of cash seized with the drugs." *Id.*

Stephens admits that he possessed marijuana, but he contests the jury's finding that he intended to distribute it. However, the evidence adduced at trial established that

2

Stephens possessed an amount of marijuana that far exceeded the quantity ordinarily carried for personal use. In addition, not only was Stephens' marijuana packaged in a manner consistent with distribution, but also it was found with over $15,000 in cash and various items commonly used to weigh and package narcotics for sale. Accordingly, we conclude that the Government presented ample evidence from which the jury could find that Stephens possessed marijuana with the intent to distribute.

To convict Stephens of the § 924(c) charge, the Government was required to prove that Stephens "(1) used, carried, or possessed a firearm (2) in furtherance of a drug trafficking crime." *United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014) (internal quotation marks omitted). For a jury "to conclude that possession of [a] firearm[] was in furtherance of drug trafficking," it must find that "there exists a sufficiently close nexus between the firearm[] and the drugs." *United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014) (internal quotation marks omitted). Among the factors relevant to this inquiry are the "accessibility of the firearm, the type of weapon, . . . whether the gun is loaded, [and] proximity to drugs or drug profits." *Howard*, 773 F.3d at 527 (internal quotation marks omitted).

Stephens concedes that he simultaneously possessed marijuana and a firearm, but he disputes whether the Government established the requisite nexus between his firearm possession and marijuana trafficking. However, the evidence established that Stephens possessed a loaded handgun in the same room as a distribution-level quantity of marijuana and a significant amount of cash. In addition, the firearm's small size and easily accessible location further bolstered the inference that Stephens used it in

3

furtherance of marijuana distribution. *See United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010). We therefore conclude that sufficient evidence supported Stephens' § 924(c) conviction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*